# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUST INGREDIENTS, INC., a Utah Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>BULL FIT, LLC, an Idaho limited liability company,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00850-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant Bull Fit, LLC's Motion to Dismiss.[1]  For the reasons stated below, the court DENIES the Motion.

## BACKGROUND[2]

Plaintiff Just Ingredients, Inc. is a well-known company in the health and wellness industry that manufactures and distributes performance nutritional supplements to individuals and teams online and through retail and specialty stores.[3]  Just Ingredients owns two federally registered trademarks: a word mark for JUST INGREDIENTS and a stylized design mark for JUST INGREDIENTS (collectively, the Asserted Trademarks).[4]  Just Ingredients also utilizes a

---

[1] Dkt. 24, *Defendant's Rule 12(b)(6) Motion to Dismiss* (*Motion*).

[2] The following facts are set forth as alleged in the Complaint.

[3] Dkt. 2, *Complaint* ¶ 10.

[4] *Id.* ¶ 12.  The Asserted Trademarks include U.S. Trademark Registration No. 7,758,075 (the "075 Registration") and U.S. Trademark Registration No. 7,798,488 (the "488 Registration").  Just Ingredients also has a pending application for a second stylized design mark for JUST INGREDIENTS, U.S. Trademark Application No. 99/220,627.  *Id.*

particular shade of bright pink throughout its advertising, marketing, and promotions, including its website, product listing pages, marketing taglines, and pricing.[5]

Bull Fit also makes, imports, and sells a variety of nutritional supplements.[6]  As part of its marketing campaign, Bull Fit maintains a billboard whose graphics include, among other things, a stylized image of a bull, "**BULLFIT**," and the tagline "NO BULLSH*T JUST CLEAN, SIMPLE INGREDIENTS."[7]  As illustrated below, "bullsh*t" is part of a label on a container; and the words "just" and "ingredients" are larger than the word "bullsh*t," capitalized, and depicted in the same distinct pink color Just Ingredients incorporates in its advertising and promotion materials.[8]



Bull Fit's CEO also posted a color photograph of the billboard on Bull Fit's Instagram account with the caption, "Let the games begin #suppwars."[9]

Just Ingredients has not authorized Bull Fit to use any of the Asserted Trademarks in its promotion or sales of Bull Fit products.[10]  On September 4, 2025, Just Ingredients notified Bull Fit of the Asserted Trademarks via a demand letter.[11]  Just Ingredients subsequently sent

---

[5] *Id.* ¶ 14.

[6] *Id.* ¶¶ 19, 34.

[7] *Id.* ¶ 20.

[8] *Id.*

[9] *Id.* ¶ 24–25.

[10] *Id.* ¶ 35.

[11] *Id.* ¶ 32.

various follow-up communications to Bull Fit, but Bull Fit did not respond or remove the billboard.[12]

On September 25, 2025, Just Ingredients filed its Complaint asserting five causes of action: 1) Federal Trademark Infringement; 2) False Designation of Origin and Unfair Competition; 3) Common Law Trademark Infringement and Unfair Competition; 4) Unfair Competition; and 5) Deceptive Trade Practices.[13]  Among other things, the Complaint alleges Bull Fit's billboard: "create[s] a false impression among consumers" that Bull Fit's and Just Ingredients' products are affiliated or that Just Ingredients otherwise approves Bull Fit's products;[14] creates confusion as to the source and origin of Bull Fit's products;[15] "creates the false impression that Just Ingredients' products contain extra, undesirable ingredients that are bad for consumers;"[16] and implies that Just Ingredients' products are harmful to consumers by including the Just Ingredients "brand alongside a disparaging phrase" and image.[17]

On December 11, 2025, Bull Fit filed the instant Motion, which is fully briefed.[18]

## LEGAL STANDARD

Bull Fit challenges the sufficiency of Just Ingredients' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[19]  A complaint "does not require 'detailed factual allegations,'" but it "must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[12] *Id*.

[13] *Id.* ¶¶ 41–68.

[14] *Id.* ¶ 26.

[15] *Id.* ¶ 37.

[16] *Id.* ¶ 27.

[17] *Id.* ¶¶ 28–30.

[18] *Motion*; Dkt. 25, *Opposition to Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)* (*Opposition*); Dkt. 30, *Defendant's Reply in Support of Defendant's Rule 12(b)(6) Motion to Dismiss* (*Reply*).

[19] *See Motion*; Fed. R. Civ. P. 12(b)(6) (listing "failure to state a claim upon which relief can be granted" as an affirmative defense).

relief that is plausible on its face.'"[20]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]  Additionally, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[23]  Sufficiency is a "low bar," "and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."[24]

### ANALYSIS

Bull Fit argues the court should dismiss the Complaint because it "fail[s] to plausibly set forth a claim for relief."[25]  Specifically, it contends all of the asserted claims "require plausibly alleging facts that would demonstrate a likelihood of confusion among consumers,"[26] and Just

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see also see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (holding the court must take as true all well-pleaded facts and resolve any factual disputes in the plaintiff's favor).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Id.* at 679.

[23] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[24] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (internal quotation marks and citations omitted).

[25] *Motion* at 1.

[26] *Motion* at 1.  The court notes that claims of unfair competition and deceptive trade practices under Utah law do not always require showing a likelihood of confusion among consumers.  *See* Utah Code § 13-5a-102(4)(a) (defining "unfair competition" as "an intentional business act" constituting "(A) malicious cyber activity; (B) infringement of a . . . trademark . . . ; (C) a software license violation; *or* (D) predatory hiring practices" that unfairly "leads to a material diminution of value of intellection property") (emphasis added); Utah Code Ann. § 13-11a-3(1) (listing "caus[ing] likelihood of confusion" as one of multiple acts that constitute deceptive trade practices).  Nevertheless, Just Ingredients' claims primarily focus on the likelihood of confusion.  *See Complaint* ¶¶ 42, 48, 54, 64; Utah Code Ann. § 13-11a-3(1).

Ingredients has not "allege[d] facts that would demonstrate" this element.[27]  Just Ingredients' claims stem from Bull Fit's billboard and Bull Fit maintains the billboard does not cause a likelihood of consumer confusion; instead, it "constitutes legitimate free speech."[28]  Because Bull Fit limits its argument to the likelihood-of-confusion element, the court likewise limits its analysis to this prong of Just Ingredients' asserted claims.

"A trademark is a distinctive mark, symbol, or emblem used by a producer or manufacturer to identify and distinguish [its] goods from those of others."[29]  The Lanham Act protects trademarks,[30] as well as "consumers and manufacturers from deceptive representations of affiliation and origin."[31]  "Under the Lanham Act, use of a mark constitutes infringement of a registered trademark and leads to liability if it is 'likely to cause confusion' in the marketplace concerning the source of the different products."[32]

Courts consider the following factors in determining whether the use of a trademark is likely to cause confusion:

    (a) the degree of similarity between the designation and the trademark or trade name in
        (i)    appearance;
        (ii)   pronunciation of the words used;
        (iii)  verbal translation of the pictures or design involved;
        (iv)  suggestion;

    (b) the intent of the actor in adopting the designation;

---

[27] *Id.  See also Complaint* ¶¶ 42, 48, 54, 64; 15 U.S.C. § 1114(1)(a).

[28] *Id.* at 1–2.

[29] *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 939 (10th Cir. 1983) (quoting *Educ. Dev. Corp. v. Econ. Co.*, 562 F.2d 26, 28 (10th Cir. 1977)).

[30] *Matal v. Tam*, 582 U.S. 218, 225–26 (2017).

[31] *Hammerton, Inc. v. Heisterman*, No. 2:06-CV-00806 TS, 2008 WL 2004327, at *6 (D. Utah May 9, 2008) (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 375 (2d Cir. 1997)).

[32] *Beer Nuts*, 805 F.2d at 924 (quoting 15 U.S.C. § 1114(1)(a)); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004) ("[P]roof of infringement . . . requires a showing that the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question.").

(c) the relation in use and manner of marketing between the goods or services marketed by the actor and those marketed by the other; and

(d) the degree of care likely to be exercised by purchasers.[33]

These factors are not exhaustive, and "the greater the similarity between the products and services, the greater the likelihood of confusion."[34]  Additionally, confusion is not determined by a "side-by-side comparison;" rather, "the court must determine whether the alleged infringing mark will be confusing to the public when singly presented."[35]  Mindful of the low bar for a well-pleaded complaint, the court concludes Just Ingredients has adequately pled that Bull Fit's billboard causes a likelihood of confusion among consumers.

First, the Complaint alleges the parties operate in the same industry and market and sell similar products—nutritional supplements.[36]  Just Ingredients owns registered word and design marks for JUST INGREDIENTS.[37]  The Complaint alleges Just Ingredients displays the Asserted Trademarks in a particular pink color throughout its advertising, marketing, and promotion materials.[38]  The Bull Fit billboard displays the words "just" and "ingredients" in all caps and in the same shade of pink used by Just Ingredients throughout its advertising and

---

[33] *Universal Money Centers, Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1530 (10th Cir. 1994) (quoting *Jordache Enterprises, Inc. v. Hogg Wyld, Ltd.*, 828 F.2d 1482, 1484 (10th Cir. 1987)); *see also* Restatement of Torts § 729 (A.L.I. 1938).

[34] *Universal Money*, 22 F.3d at 1527, 1532 (quotation marks and citations omitted).

[35] *Id.* at 1531 (citation modified).

[36] *See Complaint* ¶¶ 10–11, 19.

[37] *Id.* ¶ 12.

[38] *Id.* ¶ 14.

marketing.[39]  The color makes JUST and INGREDIENTS conspicuous because no other graphics of the billboard appear in a bright or pink color.[40]

The Complaint also alleges intent.  It includes allegations that Bull Fit posted a photograph of the billboard on social media with the caption #suppwars—a hashtag that suggests intentional competition between companies selling nutritional supplements.[41]  Taken together, the Complaint includes allegations of similarity in the nature of the products, similar appearance, and intent, all of which are considerations for a fact finder in determining the likelihood of confusion.

Bull Fit argues the words "just" and "ingredients" are merely descriptive terms which competitors are entitled to use in a "primary, descriptive sense other than as a trademark."[42]  But the court does not weigh the evidence or make any factual determinations in considering a motion to dismiss.[43]  Instead, the court must accept the Complaint's well-pled allegations as true and resolve all factual disputes in Just Ingredients' favor.[44]

Bull Fit also argues the Complaint's allegations that the billboard disparages Just Ingredients "admit that consumers are not deceived into believing that [Just Ingredients] is affiliated with or endorses Bull Fit."[45]  However, under Utah law, disparaging a competitor's products or misrepresenting the "standard, quality, or grade" of a product also constitutes

---

[39] *Id.* ¶¶ 20–21.

[40] *Id.*; *Conspicuousness*, 1 U.C.C. Trans Gd § 8:39 ("'Conspicuous,' with reference to a term, means so written, displayed, or presented that, based on the totality of the circumstances, a reasonable person against which it is to operate ought to have noticed it.").

[41] *Id.* ¶ 24.

[42] *Motion* at 5–6.

[43] *Dubbs*, 336 F.3d at 1201.

[44] *Dudnikov*, 514 F.3d at 1070.

[45] *Motion* at 7.

deceptive trade practices,[46] and a party may assert inconsistent claims.[47]  Ultimately, whether the billboard actually does cause, or is likely to cause, confusion among consumers is a question of fact in the "province of the jury."[48]  A complaint need not demonstrate a plaintiff will likely prevail to survive a motion to dismiss.[49]  It is sufficient if the allegations plausibly give rise to a reasonable inference Bull Fit could be liable.[50]  The court concludes the Complaint meets this standard.

### CONCLUSION

For the reasons stated above, Defendant's Motion is DENIED.[51]

SO ORDERED this 12th day of May 2026.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge

---

[46] Utah Code Ann. § 13-11a-3(1)(g), (h).

[47] Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

[48] *State of Georgia v. Brailsford*, 3 U.S. 1, 4 (1794).

[49] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (internal quotation marks and citations omitted).

[50] *Iqbal*, 556 U.S. at 678.

[51] Dkt. 24.